# EXHIBIT 1



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives
*Asset Forfeiture and Seized Property Division*

Washington, DC 20226
www.atf.gov

March 14, 2014

Federal Express

John Farrace
c/o Frankie Slaughter
The Slaughter Law Firm, P.C.
324 Sixth Street
Bristol, TN 37620

RE: Petition for Remission or Mitigation of Forfeiture: Request for Reconsideration
    Agency Case Number: 761035-02-0055
    Asset Identification: See Attached
    Asset Description: See Attached

Dear Mr. Farrace:

This letter is in response to your correspondence, dated October 8, 2013, regarding the above-referenced Petition for Remission or Mitigation of Forfeiture: Request for Reconsideration ("Request"). Having reviewed all of your submitted materials, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has determined that the Request you submitted should be denied as follows:

Pursuant to 28 C.F.R. § 9.3(j)(1)(ii), a request for reconsideration must be "based on information or evidence not previously considered that is material to the basis for the denial or that presents a basis clearly demonstrating that the denial was erroneous." In your original Amended Petition for Remission or Mitigation of Forfeiture ("Petition"), you alleged that 27 C.F.R. § 72.21(c) requires that firearms must be returned to their rightful owner upon dismissal of criminal charges. In your Request you assert that you did not sell guns between April 15, 2004 and July 19, 2005, rather you only pawned guns during this time period. As such, your Request satisfies the procedural requirements set forth in 28 C.F.R. § 9.3(j)(1)(ii).

However, your Request fails to meet the substantive legal requirements set forth in 28 C.F.R. § 9.5(a)(1). Specifically, 28 C.F.R. § 9.5 (a)(1) provides that to grant a petition for remission of forfeiture, a petitioner must establish that he/she: (1) has a valid, good faith, and legally cognizable interest in the seized property as owner or lien holder and (2) is innocent within the

meaning of the innocent owner provisions of the applicable civil forfeiture statute. Pursuant to 18 U.S.C. § 983(d)(2)(A), an innocent owner is one who did not know of the illegal conduct giving rise to the forfeiture, or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate the use of such property. As previously noted in the Petition for Remission or Mitigation of Forfeiture Denial letter ("Denial"), dated September 30, 2013, you owned the firearms at the time of the seizure and therefore you have an ownership and possessory interest in the seized property. However, you have again failed to establish yourself as an innocent owner.

In your original Petition, you argued that "[p]ursuant to 27 C.F.R. § 72.21(c), upon dismissal of criminal charges, firearms must be returned to their rightful owner[...]." Petition, ¶ 11. You further stated that you were never convicted of any of the accused criminal offenses which led to the seizure of the firearms and therefore the firearms must be returned to you. Petition, ¶ 16(c). However, 27 C.F.R. § 72.21(c) does not apply as you were never charged with any of the criminal offenses which led to the seizure of the firearms. Furthermore, a criminal conviction of a claimant either in state or federal court is neither a necessary nor sufficient precondition to an administrative forfeiture. *von Hofe v. United States*, 492 F.3d 175, 190 (2d Cir. 2007). Your firearms were seized for administrative forfeiture. Therefore, it is irrelevant that you were never convicted of any of the criminal offenses which lead to the seizure of the firearms.

As previously stated in the Denial, the evidence in ATF's investigative file demonstrates that you were engaged in the business of dealing firearms without a license, making the firearms involved in or used in the violation subject to seizure and forfeiture pursuant to 18 U.S.C. § 924(d). The notebook listing the acquisition and disposition of firearms, note cards documenting pawns of firearms, and witness statements all show that between July 19, 2003 and April 15, 2004, you devoted time, attention, and labor to dealing in firearms as a regular course of your trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). In your Request you state that you did not sell guns between April 15, 2004 and July 19, 2005, rather you only pawned guns during this time period. However, a Federal Firearms License ("FFL") is required by any person whose business or occupation includes the taking or receiving, by way of pledge or pawn, of any firearms as security for the payment or repayment of money. *See* 18 U.S.C. § 923(a) and 18 U.S.C. §§ 921(a)(11)(c) and 921(a)(12). Therefore, as you admit in your Request, by pawning guns during the relevant time period, you engaged in dealing firearms without an FFL in violation of 18 U.S.C. 922(a)(1)(A). As such, you do not qualify as an "innocent" owner within the meaning of § 983(d)(2)(A).

It is for the reasons stated above, that your Request is denied. Please note that pursuant to 28 C.F.R. 9.3(j)(3), only one request for reconsideration of a denial of a petition shall be considered.

Sincerely,

James Ingram
Acting Assistant Chief Counsel

# EXHIBIT 2



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226
www.atf.gov

SEP 30 2013

<u>Federal Express</u>

John Farrace
c/o Frankie Slaughter
The Slaughter Law Firm, P.C.
324 Sixth Street
Bristol, Tennessee 37620

RE:   Petition for Remission or Mitigation of Forfeiture
      Agency Case Number: 761035-02-0055

Dear Mr. Farrace:

This letter responds to your correspondence regarding the petition for Remission or Mitigation of Forfeiture (Petition) referenced above. Having reviewed all of your submitted materials, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has determined that your Petition is denied and we provide the following explanation:

The criteria governing the remission or mitigation of forfeiture are provided in 28 C.F.R. § 9.5, which states that, for remissions, the petitioner must have a valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder, and the petitioner must be innocent within the meaning of the applicable innocent owner statute. *See* 28 C.F.R. § 9.5(a); 18 U.S.C. §§ 983(d)(2)(A) and (d)(3)(A). A mitigation of forfeiture may be granted to a party not involved in the commission of the offense underlying forfeiture. *See* 28 C.F.R. § 9.5(b). The petitioner has the burden of establishing a basis for granting a petition for remission or mitigation of forfeiture. *See* 28 C.F.R. § 9.5(a)(3).

As you know, your claimed interest in the firearms is that you owned the firearms at the time of the seizure. Your petition and various attachments assert that the firearms seized from your store should be returned to you because the government declined to prosecute.

-2-

761035-02-0055- John Farrace

ATF initiated a criminal investigation into your buying and selling of firearms at some point after the expiration of your Federal Firearms License (FFL) on September 1, 2001. On April 22, 2004, ATF agents executed a federal search warrant at your store and seized, among other things, the firearms at issue, as well as a notebook listing the acquisition and disposition of firearms and note cards documenting pawns of firearms. After reviewing all relevant documents and interviewing witnesses, ATF and the U.S. Attorneys' Office concluded that between July 19, 2003 and April 15, 2004, you devoted time, attention, and labor to dealing in firearms as a regular course of your trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D).

Based on a review of the facts outlined above, you are not entitled to either a remission or mitigation of forfeiture. Under 18 U.S.C. § 983(d), an innocent owner is one who did not know of the illegal conduct giving rise to the forfeiture, or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate the use of such property. Given that you are the party involved in the offense underlying the forfeiture, you do not qualify as an "innocent" owner within the meaning of the innocent owner provisions of 18 U.S.C. § 983(d). The evidence supports that you were well aware of the conduct giving rise to the forfeiture, that is, the repetitive purchase and resale of firearms for profit and that you engaged in this activity over time with full knowledge of the Federal licensing requirements, as evidenced by your prior holding of a FFL. It is for the reasons outlined above, that your Petition is denied.

-3-

761035-02-0055- John Farrace

Should you wish to appeal this decision, **you must file a request for reconsideration within ten (10) days from the acknowledged receipt date of this letter.** You must send your request to the following address:

> Bureau of Alcohol, Tobacco, Firearms and Explosives
> Asset Forfeiture and Seized Property Division
> 99 New York Avenue NE
> Mail Drop 3N600
> Washington, D.C. 20226
> Attn: Senior Law Clerks

**Failure to timely file a request for reconsideration within the allotted time shall result in the property being disposed of pursuant to federal law.**

Sincerely,

*[signature]*

for   Don J. Calvert
Acting Associate Chief Counsel

cc: Division Counsel, Baltimore Field Division