UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John Farrace, d/b/a Levy's Old Reliable Loan Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 14-468-GMS ) |
| Bureau of Alcohol, Tobacco, Firearms and Explosives, | ) ) ) |
| Defendant. | ) ) |

## ORDER

AND NOW, this _____ day of _____, 201___, upon consideration of the Motion to Dismiss or, in the Alternative, for Summary Judgment filed by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives, it is hereby ORDERED that the motion is GRANTED. It is FURTHER ORDERED that plaintiff's action is DISMISSED with prejudice.

BY THE COURT:

_____
HONORABLE GREGORY M. SLEET
*Judge, United States District Court*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John Farrace, d/b/a Levy's Old Reliable Loan Company,<br><br>Plaintiff,<br><br>v.<br><br>Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>Defendant. | Civil Action No. 14-468-GMS |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), by the United States Attorney for the Eastern District of Pennsylvania, Zane David Memeger, through the undersigned Assistant United States Attorney, David A. Degnan, moves this Court to dismiss the First Amended Complaint in this matter pursuant to Fed. Rule Civ. P. 12(b)(1) and (b)(6), on the grounds that the Court lacks subject matter jurisdiction to review this case and that plaintiff also failed to state a claim upon which relief can be granted. In the alternative, Defendant ATF moves for summary judgment, as there is no genuine issue as to any material fact and ATF is entitled to judgment in its favor as a matter of law.

The bases for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

ERIC H. HOLDER, Jr.
United States Attorney General

ZANE DAVID MEMEGER
United States Attorney
Eastern District of Pennsylvania

*/s/ Jack Garner for*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

DAVID A. DEGNAN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8522
Fax: 215-861-8618
david.degnan@usdoj.gov

Dated: December 12, 2014

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John Farrace, d/b/a Levy's Old Reliable Loan Company,<br><br>Plaintiff,<br><br>v.<br><br>Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>Defendant. | Civil Action No. 14-468-GMS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), by the United States Attorney for the Eastern District of Pennsylvania, Zane David Memeger, through the undersigned Assistant United States Attorney, David A. Degnan, has moved this Court to dismiss the First Amended Complaint in this matter pursuant to Fed. Rule Civ. P. 12(b)(1) and (b)(6), on the grounds that the Court lacks subject matter jurisdiction to review this case and that plaintiff also failed to state a claim upon which relief can be granted. In the alternative, ATF has moved for summary judgment, as there is no genuine issue as to any material fact and ATF is entitled to judgment in its favor as a matter of law.

**I. PROCEDURAL BACKGROUND AND ADMINISTRATIVE RECORD**

1. On or about March 15, 2004, ATF seized approximately seven hundred (700) firearms from Levy's Old Reliable Loan Company, a business owned by the plaintiff John Farrace.

2. On June 16, 2004, ATF sent written notice (attached as Exhibit 1) of this seizure and administrative forfeiture proceedings to John Farrace, 501 N. Market Street, Wilmington, Delaware 19801, via certified mail.

3. ATF published the seizure of this property in *USA Today*, a newspaper of general circulation in the District of Delaware. The publication was published once per week for three consecutive weeks during the weeks of June 24, July 1, and July 8, 2004. *See* June 24, 2004 Advertising Order, attached as Exhibit 2.

4. The notice mailed to Mr. Farrace and the notice by publication both explained to Mr. Farrace that he had the option of filing a claim with ATF's Asset Forfeiture and Seized Property Branch (now Division) in order to contest the forfeiture action in the United States District Court. *See* Exhibit 1. The publication and mailed notice also specified that the deadline to file a valid claim was August 7, 2004, for the notice by publication and July 21, 2004, for personal notice. *Id.* The notice letter also informed Mr. Farrace that he had the option of filing a Petition for Remission or Mitigation of Forfeiture with ATF to seek return of the property. *Id.*

5. On August 24, 2004, having not received any timely Claims or Petitions, ATF executed a Declaration of Administrative Forfeiture (attached as Exhibit 3) declaring the subject firearms forfeited to the United States of America.

6. On August 26, 2004, ATF received a Seized Asset Claim Form (attached as Exhibit 4) from plaintiff for the property seized on March 15, 2004. ATF notified plaintiff by mail that this claim was untimely. *See* ATF notice attached as Exhibit 5.

7. On November 5, 2007, Mr. Farrace, through his attorney, Chandra J. Rudloff of Oberly, Jennings, and Rhodunda, P.A., asserted that he sent ATF a Petition for Remission or Mitigation of Forfeiture. *See* Affidavit of Chandra J. Rudoff, attached as Exhibit 6, ¶¶ 4-5. ATF does not have any record of receiving such a Petition from Mr. Farrace. For this reason and in the interest of justice, ATF permitted Mr. Farrace to file an Amended Petition for Remission or Mitigation of Forfeiture.

8. On October 31, 2012, ATF received an Amended Petition for Remission or Mitigation of Forfeiture (attached as Exhibit 7), through another attorney, Mr. Frank Slaughter, of Bristol, Tennessee.

9. On September 30, 2013, ATF denied the Petition for Remission or Mitigation of Forfeiture of Mr. Farrace. ATF sent a letter (attached as Exhibit 8), via Federal Express, to Mr. Slaughter notifying him of this decision and of the option to file a Request for Reconsideration of the decision to deny the Petition for Remission or Mitigation of Forfeiture.

10. On October 8, 2013, ATF received a Request for Reconsideration of the decision denying Mr. Farrace's Petition for Remission or Mitigation of Forfeiture. *See* October 8, 2008 letter from Frank L. Slaughter, Jr, attached as Exhibit 9.

11. On March 14, 2014, ATF sent a letter (attached as exhibit 10), via Federal Express, to Mr. Slaughter, denying Mr. Farrace's Request for Reconsideration.

## II. LEGAL STANDARDS

### A. Motion To Dismiss

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Actions are subject to dismissal when the court lacks

subject matter jurisdiction over the claims. *See* Fed. R. Civ. P. 12(b)(1). Where subject matter jurisdiction is in dispute, plaintiff bears the burden of proving that jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991).

Under Rule 12(b)(6), a complaint will be dismissed on the pleadings if it appears beyond a doubt that the plaintiff will be unable to prove any set of facts that would entitle him to relief. *Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc.*, 171 F.3d 912, 919 (3d Cir.1999). In deciding a motion to dismiss for failure to state a claim, all allegations contained in the Complaint must be accepted as true. *Id.*

B. <u>Summary Judgment</u>

Rule 12(b) also states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Summary judgment is appropriate where the evidence demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56. The party moving for summary judgment has the initial burden of showing the absence of genuine issues of material fact. Once the moving party has sustained this burden, the opposing party must introduce specific evidence showing there is a genuine, material issue warranting trial. Fed. R Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 464 (3d Cir. 1989). The non-moving party may not rest upon mere allegations, general denials, or vague statements in opposing the motion. Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

4

A genuine issue is not established by the non-moving party unless the evidence, viewed in a light most favorable to the non-moving party, would allow a reasonable trier of fact to return a verdict in that party's favor. *Anderson*, 477 US. at 248-49; *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989). If the evidence is merely colorable or is not significantly probative, summary judgment must be granted. *Anderson*, 477 US. at 249-50; Radich, 886 F.2d at 1395. Summary judgment is not a disfavored procedural shortcut but rather. . . an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. *Celotex Corp.*, 477 US. at. at 327.

## III. ARGUMENT

In his First Amended Complaint, Mr. Farrace claims that ATF's final decision denying his Request for Reconsideration of his Petition for Remission or Mitigation of Forfeiture was arbitrary and capricious, exceeded the Agency's subject matter jurisdiction for administrative forfeiture, violated the Civil Asset Forfeiture Reform Act of 2002 ("CAFRA") and various federal regulations related to the same, and violated plaintiff's Second, Fifth, and Eighth Amendment rights. To the contrary, Mr. Farrace received all the due process afforded under the Constitution, the applicable statutes and regulations, and is entitled no relief in this matter. For the reasons set forth below, Mr. Farrace's claims are without merit and must be denied.

First, pursuant to 18 U.S.C. § 981(d), the Attorney General has the sole responsibility for disposing of petitions for remission or mitigation of forfeiture; therefore, the district court does not have subject matter jurisdiction to review the Attorney General's decision (as delegated to ATF in 28 C.F.R. § 9.1(b)(1)) to deny Mr. Farrace's Petition for

Remission or Mitigation of Forfeiture or to deny the subsequent Reconsideration of that Denial.

Second, pursuant to 18 U.S.C. § 983(e)(5), the exclusive remedy to set aside a forfeiture is to file a motion under 18 U.S.C. § 983. plaintiff has failed to establish a basis to challenge the administrative forfeiture of this property. Mr. Farrace received personal notice of the seizure and had opportunity to file a claim to gain the district court's jurisdiction. Plaintiff filed a claim with ATF more than one month past the deadline that was specified in his notice letter. Mr. Farrace then filed a Petition for Remission or Mitigation of Forfeiture and an Amended Petition for Remission of Forfeiture, the latter of which was denied, as was the subsequent Request for Reconsideration of the denial of the Petition for Remission or Mitigation of Forfeiture.

Third, ATF complied with all constitutional due process requirements and statutory notice requirements. ATF sent a notice of administrative forfeiture proceedings to Mr. Farrace; ATF informed Mr. Farrace on how to contest the forfeiture in District Court; and it advised Mr. Farrace of the timing requirements of filing a claim. Mr. Farrace's claims that he was denied due process and other procedural rights are thus unsupportable in light of the undisputed administrative process.

 A. The District Court Lacks Subject Matter Jurisdiction to Review the Agency's Denial of a Petition for Remission or Mitigation of Forfeiture and Subsequent <u>Denial of the Reconsideration of the Denial of Aforesaid Petition</u>

The Plaintiff states in his First Amended Complaint that jurisdiction for this matter arises under the Administrative Procedures Act, 5 U.S.C. §§ 701-706. First. Am. Compl., ¶ 6. However, the plain language of the Administrative Procedures Act in 5 U.S.C. § 701(a)(1) and (a)(2), states that this "chapter applies, according to the provisions thereof,

except to the extent that: (a)(1) statutes preclude judicial review; and (a)(2) agency action is committed to agency discretion." The agency action at issue here fall squarely within the both exceptions, as the action falls within the discretion of ATF and the Civil Asset Forfeiture Reform Act of 2001 (CAFRA) precludes judicial review of ATF decisions on petitions for remission of forfeiture.

Pursuant to Title 18 U.S.C. § 981(d), the Attorney General (whose authority is delegated to ATF in these matters pursuant to 28 C.F.R. § 9.1(b)(1)) shall have the sole responsibility for disposing of petitions for remission or mitigation. Because the statute places the *sole* responsibility for such agency actions with the Attorney General, the statute therefore divests the District Court of the jurisdiction in these matters and places this agency action within the discretion of the deciding agency – ATF – via delegated authority by the Attorney General as set forth in 28 C.F.R. § 9.1(b)(1). Remission of forfeiture "is neither a right nor a privilege but an act of grace." *In Re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00) v. United States*, 901 F.2d 1540, 1543 (11th Cir.1990). Thus federal courts are generally prohibited from reviewing agency forfeiture decisions, even where, as here, it is alleged that the agency abused its discretion. *Id.* (citing *United States v. One 1961 Cadillac*, 337 F.2d 730, 733 (6th Cir. 1964)). Accordingly, the District Court lacks subject matter jurisdiction over the claims asserted in Mr. Farrace's First Amended Complaint. Fed. R. Civ. P. 12(b)(1).

B. Plaintiff's Failure to File a Timely Claim Must Result in the Dismissal of this Cause of Action for Lack of Subject Matter Jurisdiction

Because Mr. Farrace received a notice of forfeiture and had an opportunity to contest it during the timeframe provided by 18 U.S.C. § 983 – but failed to do so – he is

now barred from attacking the administrative forfeiture of his property on due process grounds.

The seizure and forfeiture of the subject firearms is governed by the procedures set forth in 18 U.S.C. § 981 (which incorporates 19 U.S.C. §§ 1602-1619). As provided in these statutes, an agency's initiation of administrative forfeiture proceedings divests the district court of jurisdiction unless an interested party files a timely claim. 19 U.S.C. § 1608. If a claimant does not file a claim within the required period of time, an administrative forfeiture occurs by default and may not be challenged in district court. 19 U.S.C. § 1609(a); *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992). Section 1609 further provides that "[A] declaration of forfeiture under this section shall have the same force and effect of a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States."

A claimant is afforded the opportunity to test the legality of the seizure in a civil forfeiture proceeding by timely filing a valid claim for seized property. *See, 2000 Toyota Tundra Pickup Truck v. United States*, 2008 WL 2078835, *3 (E.D. Pa. May 14, 2007). By failing to file a timely claim with the agency, a potential claimant implicitly consents to a summary forfeiture proceeding. *See, e.g., Infante v. DEA*, 938 F. Supp. 1149, 1157 (E.D.N.Y. 1996). By failing to file a timely claim in this case Mr. Farrace waived his right to challenge the administrative forfeiture of his property. *See Hill v. United States*, 830 F. Supp. 270, 273 (E.D. Pa. 1993) ("by failing to act in a timely manner, the plaintiff effectively waived his right to challenge the forfeiture of his property"). A district court lacks jurisdiction to review the merits of a final administrative forfeiture. *Mendoza v. U.S.*

*Customs and Border Protection*, 2006 WL 2627925, *4 (D. N.J . Sept. 13, 2006); *Cohen-Sanchez v. United States*, 2012 WL 1150760 (D.N.J. April 5, 2012).

Mr. Farrace had an opportunity to contest the administrative forfeiture in District Court by filing a timely valid claim, but failed to do so. Simply put, that failure now bars Mr. Farrace from challenging the merits of the administrative forfeiture in the District Court. Fed. R. Civ. P. 12(b)(1).

  C. Because Mr. Farrace Received Notice of the Administrative Forfeiture and Had An Opportunity to File a Claim, He Has No Legal Basis to Challenge the Forfeiture

Mr. Farrace does not, and cannot, deny that he received notice of the administrative forfeiture action. Mr. Farrace had the opportunity to file a claim in time, but failed to do so. Mr. Farrace then filed an Amended Petition for Remission or Mitigation of Forfeiture. However, Mr. Farrace's failure to meet the statutory requirements for challenging the forfeiture in court by filing a timely claim with ATF cannot justify relief where, as here, the agency complied with all of its legal obligations in conducting administrative forfeiture proceedings. Mr. Farrace's First Amended Complaint should therefore be dismissed. *See, e.g., Valdarrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005).

A person seeking the return of administratively forfeited property can prevail only if he or she did not receive adequate notice, and the exclusive remedy in that event is set forth in 18 U.S.C. § 983(e). *See* 18 U.S.C. §983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.")

  Section 983(e) provides as follows:

  (e) Motion To Set Aside Forfeiture.—

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
>> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>>
>> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> (2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

18 U.S.C. §983(e). In order to prevail here, Mr. Farrace must show both that the Government did not take reasonable steps to provide notice and that he did not have reason to know of the seizure with sufficient time to file a timely claim. Mr. Farrace cannot meet this standard.

The requirement that the Government take reasonable steps to provide notice to potentially interested parties is grounded in the Constitutional due process standard set forth by the Supreme Court in *Mullane v. Central Hanover Bank & Trust*, 338 U.S. 306.315 (195). That standard applies to administrative forfeiture cases. *Dusenberry v. United States*, 534 U.S. 161 (2002). Under this standard, notice must be reasonably calculated to apprise interested parties of the pendency of this action, sent in a manner reasonably calculated to apprise interested parties of the pendency of the action, and sent in a manner that would be employed by one actually seeking to achieve notice. Mailing notice by certified mail, returned receipt requested, to the potential claimant's residence is a well-accepted manner of serving notice.

It is also well settled that once a party receives notice of an administrative forfeiture proceeding, that party has no grounds to complain that the manner employed by the Government to provide notice was somehow inadequate. *See, e.g., Nunley v. Department of Justice,* 425 F.3d 1132, 1139 (8th Cir. 2005); *United States v. Gonzalez-Gonzales,* 257 F. 3d. 31, 38 (1st Cir. 2001) (there is no due process violation if claimant had actual notice of the forfeiture proceeding); *Whiting v. United States,* 231 F. 3d. 70, 74 (1st Cir. 2000) (if an interested party has actual knowledge of ongoing forfeiture proceedings from the other sources, inadequacies in the notice afforded by the government will not work a deprivation of due process).[1]

In the present case, ATF sent a notice of administrative forfeiture proceedings via certified mail, return receipt requested, to Mr. Farrace at the address where the subject firearms were seized. In that notice, ATF informed Mr. Farrace on how to contest the forfeiture in U.S. District Court by filing a claim and advised him that a timely claim must be received within "thirty five (35) days of the date appearing at the top of this letter"

---

[1] In his First Amended Complaint, Mr. Farrace also argues that "the DOJ never prosecuted Mr. Farrace for any crime" and "neither Levy's nor Mr. Farrace have been adjudicated guilty of any crime, ever, regarding the Disputed Firearms." The fact that Mr. Farrace was not criminally prosecuted in this matter is immaterial. The criminal prosecution of an individual for a criminal offense is a completely separate proceeding with a different burden of proof from the administrative forfeiture of property which was involved in that criminal offense. "Because the administrative forfeiture action is a separate civil proceeding against the property in rem, neither the property owner, nor anyone else for that matter, need be convicted of the crime giving rise to the forfeiture." Stefan D. Cassella, *Asset Forfeiture Law in the United States,* § 1.5 (2nd ed. 2013). The case law supports that a civil forfeiture of property is valid irrespective of whether the defendant in a criminal case is convicted of the criminal charges underlying the forfeiture of the property. *See United States v. One Assortment of 89 Firearms,* 464 U.S. 354, 366 (1984) (acquittal on gun violation under 18 U.S.C. § 922 does not bar civil forfeiture under 18 U.S.C. § 982(d)); *United States v. One "Piper" Aztec "F" Deluxe Model 250 PA 23 Aircraft,* 321 F.3d 355, 360 (3d Cir. 2003) ("overturning claimant's criminal conviction for alien smuggling has no effect on civil forfeiture under 18 U.S.C. § 1324(b)").

(which was dated June 16, 2004). The claim deadline date was July 21, 2004. However, ATF did not receive a claim from Mr. Farrace until August 26, 2004. ATF then sent Mr. Farrace a letter advising Mr. Farrace that his claim was untimely. In so noticing Mr. Farrace, ATF complied with all constitutional due process requirements and statutory requirements set forth in 18 U.S.C. § 983.

## IV. CONCLUSION

Mr. Farrace knowingly sold firearms without a license in violation of federal law, rules and regulations. ATF's denial of Mr. Farrace's Petition was based upon his use of the property in violation of law. Mr. Farrace has failed to show how this Court has subject matter jurisdiction to review ATF's denial of his Petition for Remission or Mitigation of Forfeiture. Mr. Farrace also had the opportunity to challenge the administrative forfeiture action in U.S. District Court by filing a timely claim and failed to do so. Therefore this court also lacks subject matter jurisdiction to consider the merits of the forfeiture.

The exclusive remedy for seeking to set aside a declaration of administrative forfeiture is to file a Motion to Set Aside the Forfeiture under 18 U.S.C. § 983 where the movant was not given proper notice. That is not the case with Mr. Farrace. Summary judgment is proper here because there are no disputed issues of material fact, and ATF's action to deny plaintiff's petition, as well as his Request for Reconsideration, is proper in all respects.

WHEREFORE, ATF respectfully moves this Court to dismiss plaintiff's First Amended Complaint. In the alternative, ATF moves this Court for summary judgment in its favor, upholding ATF's denial of Mr. Farrace's Petition and subsequent Reconsideration of

that Denial on the basis that there are no genuine issues of material fact and that ATF is entitled to judgment as a matter of law.

Respectfully submitted,

ERIC H. HOLDER, Jr.
United States Attorney General

ZANE DAVID MEMEGER
United States Attorney
Eastern District of Pennsylvania

/s/ Margaret L. Hutchinson
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

/s/ David A. Degnan
DAVID A. DEGNAN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8522
Fax: 215-861-8618
david.degnan@usdoj.gov

Dated: December 12, 2014

# CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing Motion with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

        Andrew S. Dupre, Esquire
        McCarter & English, LLP
        Renaissance Centre 405 N. King Street, 8th Floor
        Wilmington, DE 19801
        302-984-6328
        adupre@mccarter.com

        Daniel J. Brown, Esquire
        McCarter & English, LLP
        Renaissance Centre 405 N. King Street, 8th Floor
        Wilmington, DE 19801
        302-984-6300
        djbrown@mccarter.com

        /s/ David A. Degnan
        DAVID A. DEGNAN
        Assistant United States Attorney

Dated: December 12, 2014