# EXHIBIT 7

| In the Matter of 702 Firearms and related | } | |
|---|---|---|
| Items seized from Levy's Old Reliable | } | U.S. Department of Justice |
| Loan Co. and John Farrace, | } | |
| | } | Bureau of Alcohol, Tobacco, |
| | } | Firearms and Explosives |
| Submitted by, | } | |
| | } | |
| Levy's Old Reliable Loan Co., | } | Seizure No. 761035-02-0055-02 |
| 501 North Market Street | } | Agency Case No. 761035-02-0055 |
| Wilmington, DE 19801 | } | |
| | } | |
| Petitioner. | } | |

## AMENDED PETION FOR REMISSION OR MITIGATION

Pursuant to 18 U.S.C.A. § 983 and 27 C.F.R. § 72.32, Petitioner Levy's Old Reliable Loan Company, owned and operated by John Farrace, by and through its undersigned counsel, hereby petitions the Division Director for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) for return of property seized pursuant to the following:

1. The Petitioner, Levy's Old Reliable Loan Company ("Levy's"), is a Delaware corporation located at 501 North Market Street in Wilmington, Delaware and is owned and operated by John Farrace.

2. Levy's held Federal Firearms License number 8-51-002-02-1J-00213, but at some point his license expired. On or about May 13, 2002 Levy's application for a new license was denied by the BATFE. (See Exhibit A attached hereto).

3. A hearing was held with respect to the Federal Firearms License, whereupon the denial of Levy's Federal Firearms License was upheld on July 8, 2003. (*see* Exhibit B attached hereto).

4. At some point through a Felony Information, an accusation against Mr. Farrace stated that "from on or about July 19, 2003 until on or about April 15, 2004...John Farrace...willfully engaged in the business of dealing in firearms without a license...."

5. On January 10, 2006 a plea agreement was offered to Mr. Farrace. The Information and proposed Plea Agreement are attached hereto as Exhibit C.

6. On May 16, 2006 the Department of Justice informed Mr. Farrace that all pending investigations which could lead to criminal charges would not be pursued. (*see* Exhibit D).

7. The Petitioner now seeks the return of 702 firearms and any related items, including cases and locks, (the "property") which were seized by the BATFE on or about April 22, 2004. Attached hereto as Exhibits E and F are detailed lists of the property seized.

8. Levy's was provided notice of the seizure on June 16, 2004 via a letter from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, which is attached hereto as Exhibit G.

9. In response to the June 16th letter, Levy's filed a Seized Asset Claim Form with the BATFE on August 26, 2004. This form is attached hereto as Exhibit H. Levy's request for the return of the property was denied.

10. The firearms have been appraised by two separate entities for the amounts of $42,395.00 and $203,280.00. These appraisals are attached hereto as Exhibit I and J.

11. Pursuant to 27 C.F.R. § 72.21(c), upon dismissal of criminal charges, firearms must be returned to their rightful owner unless doing so would cause the owner to be in violation of the law.

12. Levy's is the legal owner of the firearms and property.

13. The return of the property to Levy's would not place Levy's in violation of the law.

14. Pursuant to 27 C.F.R. § 72.35 a petition for remission can be filed at any time prior to the sale or destruction of the property. To date, the property in question has not been sold or destroyed.

15. To date, the property has remained in the possession of the BATFE and has not been returned to the Petitioner.

16. Should it be determined that remission is not warranted, Petitioner requests that the forfeiture be mitigated to avoid extreme hardship based on the following

a. Mr. Farrace has a language barrier; his first language is Italian, not English, creating the possibility of confusion during the prior proceedings;

b. Mr. Farrace is 86 years of age;

c. Mr. Farrace was never convicted of any of the accused criminal offenses which lead to the seizure of the firearms;

d. The firearms in question have a value above $200,000;

e. The firearms and related property in question constitutes Mr. Farrace's lifesavings;

f. It is fundamentally unfair to deprive Mr. Farrace of his property upon the government not pursuing any criminal charges.

17. The Petitioner hereby requests a hearing on this matter be scheduled at the convenience of the Division Director so that testimony may be heard on Mr. Farrace's behalf prior to a ruling on the Motion.

18. That an original Petition for Remission or Mitigation was filed on or about July 19, 2012 as reflected by the Affidavit of Chandra J. Rudloff Williams reflected herein as if copied verbatim as Collective Exhibit K.

WHEREFORE, the Petitioner hereby prays that the Director grant this Amended Petition for Remission, or grant such relief as may be just and fair under the circumstances.

Frank L. Slaughter Jr.
324 6th Street
Bristol, TN 37620
Attorney for Petitioner

DATED:  October 2012