# EXHIBIT 8

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC 20226
www.atf.gov

SEP 30 2013

<u>Federal Express</u>

John Farrace
c/o Frankie Slaughter
The Slaughter Law Firm, P.C.
324 Sixth Street
Bristol, Tennessee 37620

RE:   Petition for Remission or Mitigation of Forfeiture
      Agency Case Number: 761035-02-0055

Dear Mr. Farrace:

This letter responds to your correspondence regarding the petition for Remission or Mitigation of Forfeiture (Petition) referenced above. Having reviewed all of your submitted materials, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has determined that your Petition is denied and we provide the following explanation:

The criteria governing the remission or mitigation of forfeiture are provided in 28 C.F.R. § 9.5, which states that, for remissions, the petitioner must have a valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder, and the petitioner must be innocent within the meaning of the applicable innocent owner statute. *See* 28 C.F.R. § 9.5(a); 18 U.S.C. §§ 983(d)(2)(A) and (d)(3)(A). A mitigation of forfeiture may be granted to a party not involved in the commission of the offense underlying forfeiture. *See* 28 C.F.R. § 9.5(b). The petitioner has the burden of establishing a basis for granting a petition for remission or mitigation of forfeiture. *See* 28 C.F.R. § 9.5(a)(3).

As you know, your claimed interest in the firearms is that you owned the firearms at the time of the seizure. Your petition and various attachments assert that the firearms seized from your store should be returned to you because the government declined to prosecute.

-2-

761035-02-0055- John Farrace

ATF initiated a criminal investigation into your buying and selling of firearms at some point after the expiration of your Federal Firearms License (FFL) on September 1, 2001. On April 22, 2004, ATF agents executed a federal search warrant at your store and seized, among other things, the firearms at issue, as well as a notebook listing the acquisition and disposition of firearms and note cards documenting pawns of firearms. After reviewing all relevant documents and interviewing witnesses, ATF and the U.S. Attorneys' Office concluded that between July 19, 2003 and April 15, 2004, you devoted time, attention, and labor to dealing in firearms as a regular course of your trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D).

Based on a review of the facts outlined above, you are not entitled to either a remission or mitigation of forfeiture. Under 18 U.S.C. § 983(d), an innocent owner is one who did not know of the illegal conduct giving rise to the forfeiture, or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate the use of such property. Given that you are the party involved in the offense underlying the forfeiture, you do not qualify as an "innocent" owner within the meaning of the innocent owner provisions of 18 U.S.C. § 983(d). The evidence supports that you were well aware of the conduct giving rise to the forfeiture, that is, the repetitive purchase and resale of firearms for profit and that you engaged in this activity over time with full knowledge of the Federal licensing requirements, as evidenced by your prior holding of a FFL. It is for the reasons outlined above, that your Petition is denied.

-3-

761035-02-0055- John Farrace

Should you wish to appeal this decision, **you must file a request for reconsideration within ten (10) days from the acknowledged receipt date of this letter.** You must send your request to the following address:

>  Bureau of Alcohol, Tobacco, Firearms and Explosives
>  Asset Forfeiture and Seized Property Division
>  99 New York Avenue NE
>  Mail Drop 3N600
>  Washington, D.C. 20226
>  Attn: Senior Law Clerks

**Failure to timely file a request for reconsideration within the allotted time shall result in the property being disposed of pursuant to federal law.**

Sincerely,

*[signature]*

for   Don J. Calvert
Acting Associate Chief Counsel

cc: Division Counsel, Baltimore Field Division