# EXHIBIT 10



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives
*Asset Forfeiture and Seized Property Division*

Washington, DC 20226
www.atf.gov

March 14, 2014

<u>Federal Express</u>

John Farrace
c/o Frankie Slaughter
The Slaughter Law Firm, P.C.
324 Sixth Street
Bristol, TN 37620

RE: Petition for Remission or Mitigation of Forfeiture: Request for Reconsideration
    Agency Case Number: 761035-02-0055
    Asset Identification: See Attached
    Asset Description: See Attached

Dear Mr. Farrace:

This letter is in response to your correspondence, dated October 8, 2013, regarding the above-referenced Petition for Remission or Mitigation of Forfeiture: Request for Reconsideration ("Request"). Having reviewed all of your submitted materials, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has determined that the Request you submitted should be denied as follows:

Pursuant to 28 C.F.R. § 9.3(j)(1)(ii), a request for reconsideration must be "based on information or evidence not previously considered that is material to the basis for the denial or that presents a basis clearly demonstrating that the denial was erroneous." In your original Amended Petition for Remission or Mitigation of Forfeiture ("Petition"), you alleged that 27 C.F.R. § 72.21(c) requires that firearms must be returned to their rightful owner upon dismissal of criminal charges. In your Request you assert that you did not sell guns between April 15, 2004 and July 19, 2005, rather you only pawned guns during this time period. As such, your Request satisfies the procedural requirements set forth in 28 C.F.R. § 9.3(j)(1)(ii).

However, your Request fails to meet the substantive legal requirements set forth in 28 C.F.R. § 9.5(a)(1). Specifically, 28 C.F.R. § 9.5 (a)(1) provides that to grant a petition for remission of forfeiture, a petitioner must establish that he/she: (1) has a valid, good faith, and legally cognizable interest in the seized property as owner or lien holder and (2) is innocent within the

meaning of the innocent owner provisions of the applicable civil forfeiture statute. Pursuant to 18 U.S.C. § 983(d)(2)(A), an innocent owner is one who did not know of the illegal conduct giving rise to the forfeiture, or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate the use of such property. As previously noted in the Petition for Remission or Mitigation of Forfeiture Denial letter ("Denial"), dated September 30, 2013, you owned the firearms at the time of the seizure and therefore you have an ownership and possessory interest in the seized property. However, you have again failed to establish yourself as an innocent owner.

In your original Petition, you argued that "[p]ursuant to 27 C.F.R. § 72.21(c), upon dismissal of criminal charges, firearms must be returned to their rightful owner[...]." Petition, ¶ 11. You further stated that you were never convicted of any of the accused criminal offenses which led to the seizure of the firearms and therefore the firearms must be returned to you. Petition, ¶ 16(c). However, 27 C.F.R. § 72.21(c) does not apply as you were never charged with any of the criminal offenses which led to the seizure of the firearms. Furthermore, a criminal conviction of a claimant either in state or federal court is neither a necessary nor sufficient precondition to an administrative forfeiture. *von Hofe v. United States*, 492 F.3d 175, 190 (2d Cir. 2007). Your firearms were seized for administrative forfeiture. Therefore, it is irrelevant that you were never convicted of any of the criminal offenses which lead to the seizure of the firearms.

As previously stated in the Denial, the evidence in ATF's investigative file demonstrates that you were engaged in the business of dealing firearms without a license, making the firearms involved in or used in the violation subject to seizure and forfeiture pursuant to 18 U.S.C. § 924(d). The notebook listing the acquisition and disposition of firearms, note cards documenting pawns of firearms, and witness statements all show that between July 19, 2003 and April 15, 2004, you devoted time, attention, and labor to dealing in firearms as a regular course of your trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). In your Request you state that you did not sell guns between April 15, 2004 and July 19, 2005, rather you only pawned guns during this time period. However, a Federal Firearms License ("FFL") is required by any person whose business or occupation includes the taking or receiving, by way of pledge or pawn, of any firearms as security for the payment or repayment of money. *See* 18 U.S.C. § 923(a) and 18 U.S.C. §§ 921(a)(11)(c) and 921(a)(12). Therefore, as you admit in your Request, by pawning guns during the relevant time period, you engaged in dealing firearms without an FFL in violation of 18 U.S.C. 922(a)(1)(A). As such, you do not qualify as an "innocent" owner within the meaning of § 983(d)(2)(A).

It is for the reasons stated above, that your Request is denied. Please note that pursuant to 28 C.F.R. 9.3(j)(3), only one request for reconsideration of a denial of a petition shall be considered.

Sincerely,

James Ingram
Acting Assistant Chief Counsel