IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN FARRACE, d/b/a LEVY'S OLD )
RELIABLE LOAN COMPANY, )
 )
 )
Plaintiff, )
 )
v. ) C.A. No. 14-468-GMS
 )
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS AND EXPLOSIVES )
 )
 )
Defendant. )

## MEMORANDUM

### I. INTRODUCTION

The plaintiff John Farrace ("Farrace") initiated this action against the defendant U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") on April 14, 2014. (D.I. 1.) Farrace petitions the court for review of ATF's previous denials of Farrace's Amended Petition for Remission or Mitigation of Forfeiture and Request for Reconsideration, arguing the ATF's decisions are contrary to Constitutional and statutory law. (*Id.*) Presently before the court is ATF's motion to dismiss for lack of subject matter jurisdiction or failure to state a claim, or alternatively, motion for summary judgment. (D.I. 10.) The court will grant ATF's motion.

### II. BACKGROUND

Although the parties depict the facts in vastly different ways, the historical background necessary to resolve this motion does not appear to be in dispute. Approximately on April 22, 2004, ATF seized an estimated 700 firearms from Farrace's pawn shop business: Levy's Old

Reliable Loan Company.[1] ATF subsequently took steps to initiate the administrative civil forfeiture process. ATF sent a notice of the seizure to Farrace on June 16, 2004. (D.I. 10, Ex. 1.) The notice explained the procedures for filing a "claim" to contest the seizure, or for filing a petition for remission or mitigation. (*Id.* Ex. 1.) The notice provided thirty-five days from June 16 (until July 21) to submit a claim objecting to the forfeiture. ATF also published notice in the *USA Today* newspaper once a week for three weeks, on June 24, July 1, and July 8, 2004. (*Id.* Ex. 2.) Farrace executed a claim on August 19, 2004, and ATF received the claim on August 26, 2004. (*Id.* Exs. 4, 5.) ATF notified Farrace that his claim was untimely and ineffective, and that ATF would "proceed with administrative forfeiture." (*Id.* Ex. 5.)

On November 5, 2007, Farrace completed a petition for remission or mitigation of forfeiture, although there is no current record of it, and the ATF never addressed it. (*Id.* Ex. 6, ¶¶ 3, 4.) On October 24, 2012, Farrace again completed an Amended Petition for Remission or Mitigation. (*Id.* Ex. 7.) ATF denied the Amended Petition on September 30, 2008. (*Id.* Ex. 8.) Farrace filed a request for reconsideration, which ATF also denied on March 14, 2014. (*Id.* Exs. 9, 10.) Farrace initiated this action on April 14, 2014.

## III. STANDARD OF REVIEW

The defendant can move to dismiss an action where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff bears the burden of establishing that jurisdiction in fact exists. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "'As there is no statutory direction for procedure upon an issue

---

[1] ATF asserts that Farrace was illegally dealing firearms without a federal license. Farrace disputes this characterization. Farrace was never formally charged with a crime.

2

of jurisdiction, the mode of its determination is left to the trial court.' . . . [T]he district court is free to determine facts relevant to its jurisdiction . . . ." *Id.* at 891 n.16 (quoting *Gibbs v. Buck*, 307 U.S. 66, 71–72 (1939)).

## IV. DISCUSSION

Property linked to criminal activity is subject to civil forfeiture. 18 U.S.C. § 981. "[C]ivil forfeiture is a creature unto itself. It is an area of the law which is founded upon the many inherent fictions of our jurisprudence." *United States v. One 1987 Jeep Wrangler Auto.*, 972 F.2d 472, 476 (2d Cir. 1992). In essence, forfeiture actions are premised on the concept that "the property has perpetrated some wrong." *Id.*

"When the seized property is $500,000 or less, the government may use the administrative forfeiture process governed by the customs laws; this process entails no judicial involvement." *United States v. McGlory*, 202 F.3d 664, 669 (3d Cir. 2000) (citing 19 U.S.C. § 1607). The government must comply with statutory notice requirements:

> [N]otice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

19 U.S.C. § 1607(a). Such notice offers an opportunity for interested parties to file a "claim," contesting the administrative forfeiture. Procedurally proper claims automatically require judicial intervention. *McGlory*, 202 F.3d at 670 ("If a claimant files a claim . . . , the administrative process is halted and the seizing agency must turn the matter over to the United States Attorney to commence a judicial forfeiture proceeding . . . ." (citing 19 U.S.C. § 1608)). But if no claim is filed within the prescribed period, the government can "make a declaration of forfeiture and title will vest in the United States. This administrative declaration has the same effect as a final decree

3

and order of forfeiture entered in a judicial proceeding." *Id.* (citing 19 U.S.C. § 1609(a), (b)); *cf. Ibarra v. United States*, 120 F.3d 472, 475–76 (4th Cir. 1997) ("Once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction. The court remains without jurisdiction during the pendency of the proceeding *unless the claimant timely files a claim* . . . ." (emphasis added)).

Farrace does not dispute that ATF complied with the statutory notice requirements: ATF mailed personal notice to Farrace on June 16, and ATF published notice in *USA Today* for three consecutive weeks, as required by 19 U.S.C. § 1607(a). Nor does Farrace contend that his claim was timely. He did not execute his claim until August 19, 2004, nearly a month after the deadline to submit a claim (July 22) had passed. (D.I. 10, Ex. 4.) As such, Farrace does not and cannot challenge the procedural propriety of ATF's declaration of administrative forfeiture, executed on August 24, 2004.

Having failed to submit a proper claim, Farrace instead submitted to ATF a petition for remission or mitigation of forfeiture. (*Id.* Ex. 7.) "A petition for remission or mitigation does not serve to contest the forfeiture, but rather is a request for an *executive* pardon of the property based on the petitioner's innocence." *Ibarra*, 120 F.3d at 475 (emphasis added) (internal quotation marks omitted). The court does not have jurisdiction to review an agency's decision concerning such a petition—at this stage, it is purely an executive action. *See 2000 Toyota Tundra Pickup Truck v. United States*, No. 08-MC-00032, 2008 WL 2078835, at *2 (E.D. Pa. May 14, 2008) ("When a party petitions for remission, the validity of the seizure is presumed and the property is returned only as a matter of leniency. Thus the remission or mitigation route is for all practical purposes a matter of administrative grace." (internal quotation marks and citations omitted)). ATF rejected Farrace's petition for remission, as well as Farrace's subsequent request for reconsideration. The

4

court cannot review these decisions. *See One 1987 Jeep Wrangler*, 972 F.2d at 480 ("[A] federal court lacks jurisdiction to review the merits of administrative forfeiture once the administrative process has begun.").

Farrace relies on broad principles of judicial review, separation of powers, and due process to justify why the court's jurisdiction is proper. But Farrace fails to even address the pertinent law outlined above. Rather, all of his arguments are ones that should have been raised over ten years ago, before ATF completed administrative forfeiture. Had Farrace submitted a timely claim, the government would have proceeded through judicial forfeiture, and a judge would have assessed the legality of ATF's seizure. Specifically, filing a claim would have allowed Farrace to air his beliefs that firearms have a special place in the civil forfeiture jurisprudence. But he did not do so, and the ATF's declaration of administrative forfeiture had "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609(b). At this stage, other than reviewing the adequacy of the government's notice in order to ensure Farrace had a fair opportunity to file a claim, the court "lacks jurisdiction to review the [ATF's] administrative forfeiture proceedings." *McGlory*, 202 F.3d at 670; *see also 2000 Toyota Tundra Pickup Truck*, 2008 WL 2078835, at *3 ("[O]nce the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting . . . ." (quoting *One 1987 Jeep Wrangler*, 972 F.2d at 479). As already stated, there is no contention that notice of administrative forfeiture was inadequate.

"[Farrace] did not seek relief through the forfeiture proceeding. [Farrace] was given proper notice and instructions on how to proceed . . . . Under the circumstances, no claim was filed opposing administrative forfeiture, and the validity of the forfeiture was presumed." *See 2000 Toyota Tundra Pickup Truck*, 2008 WL 2078835, at *3; *see also Infante v. DEA*,

5

938 F. Supp. 1149, 1157 (E.D.N.Y 1996) ("When plaintiff chose not to file a claim . . . , he implicitly consented to a summary forfeiture.") The court lacks jurisdiction to review ATF's rulings on Farrace's petition for remission or his request for reconsideration. These decisions fall squarely within the agency's executive discretion, akin to a pardon. *See Ibarra*, 120 F.3d at 475.

Moreover, the court does not possess equitable jurisdiction. Farrace cites the considerations guiding the court's exercise of equity jurisdiction:

> (1) whether the government agents seized the property in "callous disregard for the constitutional rights" of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law. Enveloping all of these factors are the basic equitable considerations of whether the petitioner's conduct and the merits of his position require judicial review to prevent manifest injustice.

*In re Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1545 (11th Cir. 1990) (internal citations omitted). Critically, however, Farrace glosses over the fact that he did in fact have an adequate remedy at law previously. As discussed at length already, Farrace could have filed a claim and contested this matter through judicial forfeiture. "It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law." *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999).

Having found that the court lacks subject matter jurisdiction to review ATF's rulings, the court will grant ATF's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See also* Fed. R. Civ. P. 12(h)(3). The court need not address ATF's additional contentions that dismissal is proper, pursuant to Rule 12(b)(6), or that summary judgment should be granted, pursuant to Rule 56.

6

## V. CONCLUSION

For the foregoing reasons the court will grant ATF's motion to dismiss for lack of subject matter jurisdiction. (D.I. 10.)

Dated: May _13_, 2015

_____
UNITED STATES DISTRICT COURT